BOBBY JONES
556 Swan Way
Vallejo, CA 94589
Telephone: 707-319-1090

Plaintiff In Pro Per

**FILED**

NOV 30 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JONES, <br><br> Plaintiff, <br><br> v. <br><br> SEIU, United Health Care Workers-West, and DOES 1-10, <br><br> Defendants. | Case No.: 2:18-CV-3092 KJM DB PS <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Breach of Contract <br> 2. Failure to Act in Good Faith (Bad Faith) <br><br> **JURY TRIAL REQUESTED** |

COMES NOW plaintiff, BOBBY JONES, and hereby files this complaint, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## I. NATURE OF THE COMPLAINT

This complaint is filed by plaintiff Bobby Jones for reimbursement of attorney fees from the Union for their failure to represent plaintiff in obtaining long term disability benefits under ERISA. Mr. Jones was forced to file a complaint to recover his disability benefits, and prevailed. The Union refuses to reimburse plaintiff for the attorney fees and costs for pursuing his disability payments.

///
///

## II. VENUE AND JURISDICTION

1. This Court has jurisdiction over this over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and defendant has its principal place of business in California.

2. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred, in part.

## III. PARTIES

4. At all relevant times, plaintiff Bobby Jones [hereinafter "Plaintiff"] was a resident of Vallejo, Solano County, California.

5. At all relevant times, defendant SEIU, United Health Care Workers-West (the "Union") is a California a statewide local union of the Service Employees International Union, headquartered in Oakland, Alameda County, California.

6. The true names and capacities of Defendants Does 1 through 10 are currently unknown to plaintiff, whom, therefore, plaintiff sues by their fictitious names. Plaintiff is informed and believes and thereon alleges that each of those Doe Defendants was in some manner responsible for the events and happenings alleged in this Complaint and for plaintiff's injuries and damages.

7. Each of the defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein. At all times herein mentioned, each defendant was the agent or employee of each of the other defendant and was acting within the course and scope of such agency or employment.

8. Each of the defendants authorized and ratified, aided and abetted, and acted in concert with and/or conspired with each and every other Defendant to commit the acts and to engage in the practices complained of herein.

## IV. FACTS

9. Plaintiff Bobby Jones worked for Sutter Solano Medical Center ("Employer") from August 1979 to September 20, 2014 as an Operating Room Technician. During his

employment, he was represented by the Service Employees International Union ("SEIU"), Local 250.

10. On September 21, 2015, Mr. Jones contacted the Department of Labor concerning his claims that his employer violated his rights regarding the Long Term Disability ("LTD") program with Met Life under ERISA. The Department of Labor found that the Employer violated federal law by not providing the summary plan description for LTD.

11. On September 25, 2015, Mr. Jones filed an NLRB charge (20-CB-160854) against the Union for its refusal to process a grievance on his behalf regarding the denial of long term disability in bad faith. By email correspondence from late November and early December 2015, Mr. Jones reiterated his request that the Union file a grievance about his long term disability issue. The Union, through Union representative Jean Cronin, replied that the matter was not subject to a grievance, and that there was no basis for the Union to file the same.

12. On April 25, 2016, Mr. Jones, through his attorney Jesse L.B. Hill, filed a complaint under ERISA in the U.S. District Court against his Employer and Met Life Insurance. After considerable litigation, the case ultimately settled at mediation, with a total settlement of $30,000 to Mr. Jones. The USDC case file was dismissed as of November 8, 2017. However, the attorney fees and costs incurred in the litigation amounted to $8,312.20. Mr. Jones asserts that he would not have incurred such fees and costs had the Union acted on his behalf, and filed a timely grievance against the Employer for their wrongful refusal to provide a long term disability plan.

13. On August 30, 2017, Mr. Jones sent a letter to Union representative Jean Cronin demanding that the Union pay his attorney fees and costs. After receiving no response, on September 26, 2017, Mr. Jones filed a small claims action against the Union for the attorney fees, but the court determined it did not have jurisdiction and dismissed the claim without prejudice for plaintiff to file in federal court. On April 12, 2018, Mr. Jones sent another letter to Ms. Cronin demanding reimbursement of the attorney fees and costs. That claim was denied.

14. Plaintiff alleges that the Union failed to pay his attorney fees that were required due to the Union's failure to pay him long term disability, which was clearly a part of the grievance procedure that had been denied by the Union.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### [Against All Defendants]

15. Plaintiff realleges and incorporates each and every of the preceding paragraphs of this Complaint as though set forth in full.

16. Plaintiff and defendant Union entered into a collective bargaining agreement when plaintiff became a member in 1979. Among other things, the Union was obligated to investigate and assist with employee/plaintiff with any grievances that he had with his employer, in this case, Sutter Solano Medical Center. The Union failed to so perform under the agreement.

17. Plaintiff substantially complied with all significant aspects required by him under the bargaining agreement, and sought the assistance and counsel of the Union. The Union failed to so comply with the bargaining agreement.

18. The Union was not excused from performing under the bargaining agreement.

19. As a direct and proximate result of the Union's breach of the bargaining agreement, plaintiff has been damaged in sums exceeding the jurisdiction of this Court.

WHEREFORE, plaintiff prays for damages as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Failure to Act in Good Faith
### [Against All Defendants]

20. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as though set forth in full here.

21. The Union owes a duty of fair representation to all of the workers it represents. Plaintiff alleges that the union act unfairly, impartially, and with ill will or discrimination when denying plaintiff's grievance proceedings.

22. The Union was required to take reasonable steps to investigate a grievance and must represent members in more than a dismissive manner. The Union treated plaintiff in an arbitrary manner by refusing to pursue plaintiff's grievance, and acted in bad faith by failing to respond to plaintiff's legitimate and lawful grievance.

23. Plaintiff alleges that he has been damaged because the Union breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings.

WHEREFORE, plaintiff requests judgment as hereinafter set forth.

Page 4
Complaint for Damages

## JURY TRIAL

Plaintiff demands that all issues of fact in the case be tried by a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment against the defendants, and each of them, as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For costs of suit;
4. For attorney fees as permitted under statute; and
5. For such other and further relief as the Court deems just and proper.

Dated: November 29, 2018

By _____
Bobby Jones, Plaintiff In Pro Per