1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BOBBY JONES,                          No.  2:18-cv-3092 KJM DB PS

12              Plaintiff,

13        v.                               ORDER

14   SEIU, UNITED HEALTHCARE
     WORKERS—WEST, and DOES 1-10,
15

16              Defendants.

17

18        Plaintiff, Bobby Jones, is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal

21   Rules of Civil Procedure.[1]  For the reasons stated below, the motion to dismiss is granted and

22   plaintiff is granted leave to file an amended complaint.

23                              **BACKGROUND**

24        Plaintiff, proceeding pro se, commenced this action on November 30, 2018, by filing a

25   complaint and paying the required filing fee.  (ECF No. 1.)  Therein, plaintiff alleges that plaintiff

26   "worked for Sutter Solano Medical Center ('Employer') from August 1979 to September 20,

27   ────────────────────────
     [1]  Pursuant to Local Rule 230(g), the undersigned finds that defendants' motion may be decided
28   without oral argument.

                                        1

2014 as an Operating Room Technician." (Compl. (ECF No. 1) at 2.[2])  During this time, plaintiff "was represented by the Service Employees International Union ('SEIU'), Local 250." (Id. at 2-3.)  On September 21, 2015, plaintiff informed the Department of Labor that plaintiff's employer "violated his rights" with respect to a Long-Term Disability insurance benefit "with Met Life under EIRSA." (Id. at 3)  On September 25, 2015, plaintiff filed "an NLRB charge . . . against the Union for its refusal to process a grievance on his behalf regarding the denial of long term disability in bad faith." (Id.)

On April 25, 2016, plaintiff "filed a complaint under ERISA in the U.S. District Court against his Employers and Met Life Insurance." (Id.)  That case settled and was dismissed on November 8, 2017. (Id.)  However, plaintiff incurred $8,312.20 in attorney's fees and costs. (Id.)  "[O]n September 26, 2017, [plaintiff] filed a small claims action against the Union for attorney fees, but the court determined it did not have jurisdiction and dismissed the claim without prejudice for plaintiff to file in federal court." (Id.)

Defendants filed the pending motion to dismiss on December 20, 2018. (ECF No. 5.)  Plaintiff filed an opposition on January 22, 2019. (ECF No. 10.)  Defendants filed a reply on January 24, 2019. (ECF No. 11.)

## STANDARD

### I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

////

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Review of plaintiff's complaint and defendants' motion to dismiss finds that plaintiff's complaint must be dismissed for the following reasons.

////

////

**I.      Subject Matter Jurisdiction**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be

a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, the complaint alleges that the court has diversity jurisdiction over this action. (Compl. (ECF No. 1) at 2.) However, the complaint also alleges that plaintiff and defendants are citizens of the same state—California. (Id.) Thus, there is not complete diversity between the parties in this action. And the amount in controversy appears to be far less than $75,000. The court, therefore, does not have diversity jurisdiction over this action.

## II. Preemption

The complaint asserts two state law causes of action—breach of contract and breach of the covenant of good faith. (Id. at 4.) However, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "authorized the federal courts to develop a federal common law of" collective-bargaining agreement ("CBA") and "this federal common law preempts the use of state contract law in CBA interpretation and enforcement." Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (citing Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451 (1957)). "The Ninth Circuit has further clarified that the scope of § 301 preemption is limited to: (1) claims 'founded directly on rights created by collective-bargaining agreements' and (2) claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Jay v. Service Employees International Union-United Health Care Workers West, 203 F.Supp.3d 1024, 1033 (N.D. Cal. 2016) (quoting Cramer, 255 F.3d at 689).

Here, plaintiff is alleging that "the Union was obligated to investigate and assist" with plaintiff's "grievances that he had with his employer" pursuant to the operative collective-bargaining agreement. (Compl. (ECF No. 1) at 4.) Such state law claims are preempted by § 301.

## III. Rule 8

Pursuant to § 301, "[a] union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA to which it is a party." Bliesner v. Commc'n

Workers of Am., 464 F.3d 910, 913 (9th Cir. 2006). "A union's duty of fair representation grows from its statutory right to exclusive representation." Demetris v. Transp. Workers Union of Am., AFL–CIO, 862 F.3d 799, 804 (9th Cir. 2017). "A union breaches its duty of fair representation 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" Id. at 805 (quoting Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998)).

Here, the complaint simply alleges that "the Union failed to pay [plaintiff] his attorney fees that were required due to the Union's failure to pay him long term disability[.]" (Compl. (ECF No. 1) at 3.) The complaint, however, does not explain how defendants' conduct was arbitrary, discriminatory, or in bad faith.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**IV.    Statute of Limitations**

A claim pursuant to § 301 "is governed by a six-month statute of limitations." Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (citing DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 169 (1983)). "The limitations period begins to run when a Plaintiff receives a letter from the Union notifying her that it will pursue her claim no further." Id.

Here, the complaint alleges that plaintiff "filed an NLRB charge" on September 25, 2015, "against the Union for its refusal to process a grievance on his behalf regarding the denial of long term disability in bad faith." (Compl. (ECF No. 1) at 3.) This action was not filed until November 30, 2018—seemingly years after the expiration of the six-month statute of limitations.

There may be instances in which it is appropriate to toll the running of the statute of limitations. See, e.g., Conley v. International Broth. of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir. 1987) ("equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit"). However, in opposing defendants' motion to dismiss, plaintiff has failed to address why the running of the statute of limitations should be tolled.

**LEAVE TO AMEND**

For the reasons stated above, defendants' motion to dismiss will be granted. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted and over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original

7

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The **February 1, 2019** hearing of defendants' motion to dismiss is vacated;

2.  Defendants' December 20, 2018 motion to dismiss (ECF No. 5) is granted;

3.  The complaint filed on November 30, 2018 (ECF No. 10) is dismissed with leave to amend;

4.  Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

5.  Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  January 29, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/jones3092.mtd.ord

---

[3]  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

8