UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>SEIU, UNITED HEALTHCARE WORKERS—WEST, and DOES 1-10,<br><br>    Defendants. | No. 2:18-cv-3092 KJM DB PS<br><br>ORDER |

Plaintiff, Bobby Jones, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff, proceeding pro se, commenced this action on November 30, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) On December 20, 2018, defendants filed a motion to dismiss. (ECF No. 5.)

On January 30, 2019, the undersigned issued an order granting defendants' motion to dismiss and granting plaintiff leave to amend. (ECF No. 14.) Plaintiff filed an amended complaint on February 11, 2019. (ECF No. 15.) Defendants again moved to dismiss on February 25, 2019 and noticed the motion for hearing before the undersigned on March 29, 2019. (ECF No. 16.) However, on March 4, 2019, plaintiff filed an "AMENDED COMPLAINT ADDENDUM." (ECF No. 20.)

1

It appears plaintiff may have misunderstood the undersigned's January 30, 2019 order. In this regard, that order stated:

> Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

(ECF No. 14 at 7-8.)

While the formatting of plaintiff's original complaint was consistent with that of a typical complaint, the same cannot be said of the amended complaint and the addendum. Those filings do not provide relevant information such as a short and plain statement of plaintiff's claims. Instead, the amended complaint and the addendum are directed at topics addressed in the January 30, 2019 order, such as the statute of limitations and preemption.

Under these circumstances, it is indisputable that the amended complaint fails to state a claim for relief and defendant's motion will, therefore, be granted. However, in light of plaintiff's pro se status, plaintiff will be granted further leave to amend. Again, plaintiff is advised that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Stated plainly, plaintiff should file a second amended complaint that is complete, without any additional filing or addendum. The second amended complaint should clearly state each of plaintiff's claims and the defendants' allegedly wrongful actions. Thereafter, plaintiff may address the relevant issues of preemption and the statute of limitations.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 25, 2019 motion to dismiss (ECF No. 16) is granted;

2. The **March 29, 2019** hearing of defendants' motion to dismiss is vacated;

3. The amended complaint filed on February 11, 2019 (ECF No. 15) is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint"; and

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: March 21, 2019

DLB:6
DB/orders/orders.pro se/jones3092.mtd2.ord

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

3