UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>SEIU, UNITED HEALTHCARE WORKERS—WEST, and DOES 1-10,<br><br>    Defendants. | No. 2:18-cv-3092 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Bobby Jones is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss the second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 29.) For the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted and the second amended complaint be dismissed without leave to amend.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on November 30, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiff was twice granted leave to amend and is now proceeding on a second amended complaint. (ECF Nos. 14 & 22.) Therein, plaintiff alleges that defendant SEIU, United Healthcare Workers-West failed to represent

1

plaintiff "in obtaining his long term disability benefits under ERISA." (Sec. Am. Compl. (ECF No. 23) at 2.[1]) As a result, plaintiff "was forced to file a complaint with the FEDERAL COURT to recover his disability benefits, and PREVAILED." (Id.) Defendant "refuses to reimburse plaintiff for the attorney fees and costs for pursuing his disability payments." (Id.)

Defendant filed the pending motion to dismiss on April 30, 2019. (ECF No. 26.) Plaintiff filed an opposition on May 6, 2019. (ECF No. 27.) Defendant filed a reply on May 8, 2019. (ECF No. 28.)

**STANDARD**

**I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Review of the second amended complaint and defendant's motion to dismiss finds that the second amended complaint should be dismissed for at least two reasons.

**I.      Rule 8**

The second amended complaint alleges that defendant owed plaintiff "a duty of fair representation[.]" (Sec. Am. Compl. (ECF No. 23) at 2.) Pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "[a] union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA [Collective Bargaining Agreement] to which it is a party."[2] Bliesner v. Commc'n Workers of Am., 464 F.3d 910, 913 (9th Cir. 2006). "A union's duty of fair representation grows from its statutory right to exclusive representation." Demetris v. Transp. Workers Union of Am., AFL–CIO, 862 F.3d 799, 804 (9th Cir. 2017).

---

[2] § 301 "authorized the federal courts to develop a federal common law of" collective-bargaining agreement and "this federal common law preempts the use of state contract law in CBA interpretation and enforcement." Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (citing Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451 (1957)).

"A § 301 claim formally 'comprises two causes of action': (1) a cause of action against the employer for breach of the collective bargaining agreement, and (2) a suit against the union for breach of the union's duty of fair representation." Starla Rollins v. Community Hospital of San Bernardino, 839 F.3d 1181, 1185 (9th Cir. 2016) (quoting DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983)). "A union breaches its duty of fair representation 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" Demetris, 862 F.3d at 805 (quoting Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998)). A "plaintiff must show that there has been both a breach of the duty of fair representation and a breach of the CBA." Bliesner, 464 F.3d at 913-14.

Here, plaintiff's second amended complaint is devoid of almost any factual assertions. Instead, the second amended complaint is composed almost entirely of vague and conclusory allegations. For example, the second amended complaint alleges that the defendant "treated plaintiff in an **ARBITRARY** manner by refusing to pursue plaintiff's grievance, and acted in bad faith by failing to respond to plaintiff's legitimate and lawful grievance[.]" (Sec. Am. Compl. (ECF No. 23 at 2) (emphasis in original). According to the second amended complaint, defendant was "required to take reasonable steps to investigate a grievance and . . . represent members in more than a dismissive manner." (Id.) The second amended complaint, however, fails to allege any facts in support of these assertions.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

////

4

## II. Statute of Limitations

A claim pursuant to § 301 "is governed by a six-month statute of limitations." Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (citing DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 169 (1983)). "The limitations period begins to run when a Plaintiff receives a letter from the Union notifying her that it will pursue her claim no further." Id.

Here, the complaint alleges that plaintiff filed "charges with the DOL [on] September 21, 2015," and "filed an NLRB charge" on September 29, 2015[.]" (Sec. Am. Compl. (ECF No. 23) at 5.) Plaintiff attached exhibits to the second amended complaint in support of these allegations. (Id. at 19, 22.) The second amended complaint does not allege when defendant notified plaintiff that it would pursue plaintiff's claim no further.

Plaintiff's opposition, however, alleges that in an email sent in December of 2015 defendant "replied that the matter was not subject to a grievance, and that there was no basis for the Union to file the same." (Pl.'s Opp.'n (ECF No. 27) at 3.) Thereafter, on April 25, 2016, plaintiff, through counsel, "filed a complaint under ERISA in the U.S. District Court against his Employer and Met Life Insurance" which "ultimately settled at mediation[.]" (Id.) In this regard, even if plaintiff did not know about defendant's alleged breach until the ERISA complaint was filed in April of 2016, this action was not filed until November 30, 2018—years after the running of the statute of limitations. See generally Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986) ("Thus, in a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union.").

There may be instances in which it is appropriate to toll the running of the statute of limitations. See, e.g., Conley v. International Broth. of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir. 1987) ("equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit"). And the second amended complaint refers to tolling "based upon such factors as late discovery, a defendant's absence from the state, the defendant's fraudulent concealment of the cause of action, or the

plaintiff's infancy or mental incapacity." (Sec. Am. Compl. (ECF No. 23) at 6.) However, none of those factors are at issue here. And neither the second amended complaint nor plaintiff's opposition to defendant's motion to dismiss explain while the statute of limitations should be tolled in this action.

**LEAVE TO AMEND**

For the reasons stated above, the undersigned will recommend that defendant's motion to dismiss be granted. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned has twice granted plaintiff leave to amend while advising plaintiff about the deficiencies noted above and how to cure those deficiencies. (ECF Nos. 14 & 22.) Nonetheless, plaintiff has been unable to successfully amend the complaint.[3] Accordingly, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

////

////

---

[3] To the contrary, the second amended complaint contains fewer factual allegations than the original complaint.

6

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendant's April 30, 2019 amended motion to dismiss (ECF No. 26) be granted;

2. The April 15, 2019 second amended complaint be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/jones3092.mtd.f&rs